NO.
12-05-00274-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 

 

THE STATE OF TEXAS FOR
THE

BEST INTEREST AND
PROTECTION    §          COUNTY COURT AT LAW OF

OF D.O., 

 

§          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Appellant
D.O. appeals from an order authorizing the Texas Department of Mental Health
and Mental Retardation (the “Department”) to administer psychoactive
medications.  In one issue, D.O. asserts
the evidence is legally and factually insufficient to support the trial court’s
order. We affirm.

Background








            On
August 17, 2005, Dr. Laurence Taylor signed an application for an order to
administer psychoactive medication to D.O. 
In the application, Taylor stated that D.O. was subject to an order  for temporary inpatient mental health
services under Section 547.034 of the Texas Health and Safety Code. Taylor
stated that D.O. had been diagnosed with paranoid schizophrenia and requested
the trial court to compel D.O. to take four psychoactive medications: an
antidepressant, an anxoilytic/sedative/hypnotic, an antipsychotic, and a mood
stabilizer.  Taylor stated that D.O.
refused to take the medications voluntarily and that, in his opinion, D.O.
lacked the capacity to make a decision regarding administration of psychoactive
medications because she exhibited “grandiosity excessive religiosity,” had very
poor insight and judgment, and also suffered from paranoid schizophrenia.  Taylor concluded that these medications are
the proper course of treatment for D.O. and that, if she were treated with the
medications, her prognosis would be good. 
However, Taylor believed that, if D.O. were not administered the
medications, her mental health would deteriorate to a more severe psychotic
state.  Taylor considered other medical
alternatives to psychoactive medication, but determined that those alternatives
would not be as effective.  Moreover,
Taylor believed the benefits of the psychoactive medications outweighed the
risks in relation to present medical treatment and D.O.’s best interest. 

            On
August 23, the trial court held a hearing on the application.  At the beginning of the hearing, D.O. chose
to represent herself and waived her right to an attorney.  The trial court discharged D.O.’s appointed
counsel except for consulting purposes during the hearing. D.O. continually
interrupted both her former attorney and the trial court. 

            Taylor
testified that he is D.O.’s treating physician and that she is currently under
an order for temporary mental health services. 
Taylor stated that he completed the application for an order to
administer psychoactive medication because D.O. suffers from paranoid
schizophrenia, but refuses  medication.  Taylor testified that the medications listed
in the exhibit attached to the application are in D.O.’s best interest and that
treatment with these medications is in the proper course of treatment for
D.O.  Taylor believes that D.O. lacks the
capacity to make a rational decision regarding the administration of psychoactive
medication and that use of these medications will likely benefit D.O. Taylor
further stated that the benefits of these medications outweigh the risks and
that D.O.’s stay in the hospital will likely be shortened if Taylor has access
to medication.  He testified that D.O.
stated she could not take medication because of constitutional or religious
reasons.  However, social services had
not been able to verify that D.O. is a Christian Scientist.  On cross examination, Taylor stated that
these medications are beneficial and successful. Taylor also testified that he
has been at Rusk State Hospital for a period of time, that he had treated D.O.
previously, and that she had responded well to medication.  

            Before
her narrative testimony, D.O. stated that she is a Christian Scientist and that
it is against her beliefs to be in the hospital.  She also informed the trial court that she
would like to call Jesus Christ as a witness. 
D.O. stated that antipsychotic drugs are killing her and that she has
stomach cancer, skin cancer, and renal failure. 
According to D.O., these drugs cause brain damage, cause one to hear
voices and see things, and are not a cure for mental illness.  She declared that she has never been mentally
ill, does not want medication that causes her to vomit and die, and is a victim
of satanic abuse.  D.O. testified that
her mother took her to psychiatrists, who like to put demons “into you.”  D.O. stated that although she previously had
demons in her, God healed her and she does not hear voices or see things.  D.O. stated that these medications made her
feel bad and that she could not get a job. 
According to D.O., she is hopeless because she does not have a job.  D.O. stated that her parents had forced her
to take antipsychotic medications since 1995. 
She had been in seminary and almost has a master’s degree in
divinity.  However, D.O. stated that her
mother “locked [her] up before finals” because her mother does not believe in
God. Then D.O. stated, “[T]hat’s what God tells me.”  She declared that she is a preacher and a
Christian Scientist.  After testifying,
D.O. stated that she had “lots” of witnesses, including a dead man. 

            At
the close of the evidence, the trial court granted the application.  After considering all the evidence, including
the application and the expert testimony, the trial court found that the
allegations in the application are true and correct and supported by clear and
convincing evidence.  Further, the trial
court found that treatment with the proposed medication is in the best interest
of D.O. and that D.O. lacks the capacity to make a decision regarding
administration of the medication.  The
trial court authorized the Department to administer to D.O. psychoactive
medications, including antidepressants, antipsychotics, mood stabilizers, and
anxiolytics/sedatives/hypnotics.  This
appeal followed.

 

Sufficiency
of the Evidence

            In
her sole issue, D.O. argues that the evidence is legally and factually
insufficient to support the trial court’s order to administer psychoactive
medications.  More specifically, D.O.
contends that the evidence presented at trial does not rise to the level of
clear and convincing proof that she lacks the capacity to  make a decision regarding the administration
of psychoactive medications.  The State
disagrees.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a firm
belief or conviction that its findings were true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  We must assume that the
fact finder settled disputed facts in favor of its finding if a reasonable fact
finder could do so and disregard all evidence that a reasonable fact finder
could have disbelieved or found incredible. 
Id.  This does not
mean that we are required to ignore all evidence not supporting the finding
because that might bias a clear and convincing analysis.  Id. 

            The
appropriate standard for reviewing a factual sufficiency challenge is whether
the evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the petitioner’s allegations.  In re C.H., 89 S.W.3d 17, 25
(Tex. 2002).  In determining whether the
fact finder has met this standard, we consider all the evidence in the record,
both that in support of and contrary to the trial court’s findings.  Id. at 27-29.  Further, we must consider whether disputed
evidence is such that a reasonable fact finder could not have reconciled that
disputed evidence in favor of its finding. 
In re J.F.C., 96 S.W.3d at 266.  If the disputed evidence is so significant
that a fact finder could not reasonably have formed a firm belief or
conviction, then the evidence is factually insufficient.  Id.  

Order to Administer Psychoactive
Medication

            A
trial court may issue an order authorizing the administration of one or more
classes of psychoactive medications only if the trial court finds by clear and
convincing evidence after the hearing that (1) the patient is under an order
for temporary or extended mental health services, (2) the patient lacks the
capacity to make a decision regarding the administration of the proposed
medication, and (3) treatment with the proposed medication is in the best
interest of the patient.  Tex. Health & Safety Code Ann. §
574.106(a) (Vernon 2003).  “Capacity”
means a patient’s ability to (1) understand the nature and consequence of a
proposed treatment, including the benefits, risks, and alternatives to the
proposed treatment, and (2) make a decision whether to undergo the proposed
treatment.  Tex. Health & Safety Code Ann. § 574.101(1) (Vernon
2003).  In making its findings, the trial
court shall consider (1) the patient’s expressed preferences regarding
treatment with psychoactive medication, (2) the patient’s religious beliefs,
(3) the risks and benefits, from the perspective of the patient, of taking
psychoactive medication, (4) the consequences to the patient if the
psychoactive medication is not administered, (5) the prognosis for the patient
if the patient is treated with psychoactive medication, and (6) alternatives to
treatment with psychoactive medication.  Tex. Health & Safety Code Ann. §
574.106(b) (Vernon 2003).

Analysis








            D.O.
does not dispute that the evidence is legally and factually sufficient to show
that she is under an order for temporary mental health services or that
treatment with the proposed medication is in her best interest.  Thus, we will only consider whether the
evidence is legally and factually sufficient to support a finding that she
lacked the capacity to make a decision regarding the administration of
psychoactive medications.  In the
application, Taylor stated that he believed D.O. lacked the capacity to make a
decision regarding administration of psychoactive medications because she had “grandiosity
excessive religiosity,” very poor insight and judgment, and paranoid
schizophrenia.  Further, Taylor
determined that, if D.O. were not administered these medications, her mental
health would deteriorate to a more severe psychotic state.  Considering all the evidence in the light
most favorable to the findings, we conclude a reasonable trier of fact could
have formed a firm belief or conviction that D.O. lacked the capacity to make a
decision regarding administration of the proposed medications.  See  Tex.
Health & Safety Code Ann. § 574.106(a); In re J.F.C.,
96 S.W.3d at 266.  Therefore, the
evidence is legally sufficient to support the trial court’s order.   See In re J.F.C., 96
S.W.3d at 266. 

            Having
determined that the evidence is legally sufficient to support the finding, we
address factual sufficiency and consider all of the evidence, both that in
support of and contrary to the trial court’s findings.  See In re C.H., 89 S.W.3d at
25.  According to Taylor, D.O. asserted
that she could not take medication because of constitutional or religious
reasons.  However, Taylor testified that
social services had been unable to verify that D.O. is a Christian Scientist.  D.O. informed the trial court that she is a
Christian Scientist and that it was against her beliefs to be in the
hospital.  During the hearing, she
attempted to call witnesses, including Jesus Christ and a man who had died.  D.O. stated that antipsychotic drugs were
killing her and that she has cancer and renal failure.  She asserted that these drugs cause brain
damage, cause one to hear voices and see things, make her feel bad, and are not
a cure for mental illness.  D.O. declared
that she is not mentally ill, that she had been forced by her parents to take
antipsychotic medications, and that psychiatrists like to put demons “into you.”  She stated that God healed the demons in her
and that she no longer hears voices or sees things.  She also claimed that her mother had her
committed before finals for her master’s degree in divinity because her mother
does not believe in God.  D.O. also
suggested that this is what God told her. 

            The
trial court was entitled to disbelieve D.O. and disregard the evidence contrary
to the State’s position.  See id.  Further, the trial court is not required to
defer to D.O.’s preferences and beliefs, but must consider them.  See Tex.
Health & Safety Code Ann. § 574.106(b).  Because D.O. presented evidence to the trial
court that, based upon her personal and religious beliefs, she preferred to
avoid hospitalization and to avoid antipsychotic medication, it is presumed
that the trial court gave her preferences and beliefs due consideration.  Based upon our review of the record as a
whole, we conclude that, although there is some disputed evidence, this
evidence is not so significant that a reasonable trier of fact could not have
reconciled this evidence in favor of its finding and formed a firm belief or
conviction that D.O. lacked the capacity to make a decision regarding
administration of the proposed medications. 
See Tex. Health &
Safety Code Ann. § 574.106(a), (b); In re C.H., 89
S.W.3d at 25.  Therefore, the evidence is
factually sufficient to support the trial court’s order.  See In re C.H., 89 S.W.3d at
25. Accordingly, we conclude that the trial court met the obligations imposed
by Section 574.106 of the Texas Health & Safety Code and overrule D.O.’s
sole issue.

 

Disposition

            The
judgment of the trial court is affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered February 28, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

(PUBLISH)